OPTIMUM SHIPPING & TRADING,
S.A., Plaintiff,

v.

PRESTIGE MARINE SERVICES
PTE. LTD., Defendant.

No. 08 Civ. 9533(JSR).

United States District Court,
S.D. New York.

May 15, 2009.

Peter Judge Gutowski, Freehill, Hogan & Mahar, LLP, New York, NY, for Plaintiff.

Brian Douglas Starer, Squire, Sanders & Dempsey, L.L.P., New York, NY, for Defendant.

*MEMORANDUM ORDER*

JED S. RAKOFF, District Judge.

On February 26, 2009, the Court issued an Opinion and Order vacating the underlying Rule B maritime attachment in the above-captioned case. The Court held, in accordance with Second Circuit precedent, that a contract for the sale of a vessel does not properly give rise to maritime jurisdiction. *See Optimum Shipping & Trading, S.A. v. Prestige Marine Services Pte. Ltd.,* No. 08 Civ. 9533, slip op., 2009 WL 497341 (S.D.N.Y. Feb.26, 2009). On March 6, 2009, plaintiff Optimum Shipping & Trading, S.A. ("Optimum") sought an expedited appeal of the vacatur, *see Optimum Shipping & Trading, S.A. v. Prestige Marine Services Pte. Ltd.,* 09–0894 (now consolidated with the appeal in *Vrita Marine Co. Ltd. v. Seagulf Trading LLC,* 08–4565 and to be heard in tandem with the appeal in *Annapolis Shipping Co. Ltd. v. China Nat'l Machinery Import & Export Corp.,* 09–0686), which is scheduled to be heard by the Court of Appeals in July, 2009. By motion filed April 6, 2009, Optimum now

seeks to stay the vacatur of the attachment under Fed.R.Civ.P. 62(c) pending resolution of the consolidated appeal. After hearing oral argument on May 13, 2009 and carefully considering the parties' written submissions, the Court hereby denies the plaintiff's motion for a stay of the vacatur.

■ In considering a motion to stay under Rule 62(c), the Court is obligated to consider four factors: (1) whether there is a substantial possibility, although less than a likelihood, of success on appeal; (2) whether there is a risk of irreparable injury to the movant absent a stay; (3) whether there is substantial harm to the non-movant stemming from a grant of the stay; and (4) any public policy interest that may be affected by the stay. *See Thapa v. Gonzales*, 460 F.3d 323, 334 (2d Cir.2006); *Hirschfeld v. Bd. of Elections*, 984 F.2d 35, 39 (2d Cir.1993). Although the weighing of these factors is flexible and within the Court's discretion, the movant's "burden of establishing a favorable balance of these factors is a heavy one and more commonly stay requests will be denied." *SEC v. Finazzo*, 2008 WL 1721517, 2008 U.S. Dist. LEXIS 29838 (S.D.N.Y. Apr. 9, 2008) (internal quotations and citation omitted).

As to the possibility of success on appeal, even though most recent decisions support this Court's conclusion that a contract for a sale of a vessel does not give rise to maritime jurisdiction, *see, e.g., Polestar Maritime Ltd. v. Nanjing Ocean Shipping Co. Ltd.*, No. 09 Civ. 2673, slip op., 2009 WL 1009868, at *3–4 (S.D.N.Y. Apr.14, 2009) (surveying cases), at least one court in this district has found otherwise, *see Kalafrana Shipping Ltd. v. Sea Gull Shipping Co. Ltd.*, 591 F.Supp.2d 505, 509–10 (S.D.N.Y.2008) (discussing Supreme Court cases). This at least raises a possibility—how substantial it is hard to say—of reversal on appeal.

■ Plaintiff, however, has not remotely demonstrated irreparable harm, which is always a central inquiry in assessing any motion for injunctive relief. *See New York v. Nuclear Regulatory Com.*, 550 F.2d 745, 750 (2d Cir.1977) ("the threat of irreparable harm is a necessary precondition to the granting of any preliminary injunctive relief"). Plaintiff's underlying claim is one for damages, and the parties have already commenced arbitration in London to resolve that claim. Defendant is a Singapore company, and while plaintiff does not necessarily accept the representation of defendant's counsel that defendant is an established company with very substantial assets, *see* transcript 5/13/09, neither has plaintiff shown that defendant is a "fly-by-night" outfit that may be unable to respond to a valid judgment. If the arbitral proceedings result in a judgment in plaintiff's favor, plaintiff is thus free to pursue enforcement in Singapore, which is where the defendant entity is headquartered. *See id.* As represented by defendant's counsel at oral argument (and unopposed by plaintiff's counsel), Singapore is a jurisdiction which honors foreign judgments. *See id.*

With respect to the third factor—substantial harm to the non-movant—defendant has adduced convincing evidence that, notwithstanding its size, the attachment of its funds passing through New York and the threat it presents to defendant's carrying out the ordinary course of its business has already had a negative impact and, if the attachment is not vacated, will continue to have a deleterious effect on the conduct of defendant's business. *See* Declaration of Dato Mohd Zain Abdullah dated April 1, 2009 ¶¶ 4–5.

Finally, the Court finds—and the parties appear to agree, *see* transcript 5/13/09—that any public policy interest affected by a stay is negligible, and the Court accord-

ingly gives less weight to this factor than to the other three in the context of this action.

Accordingly, after assessing the factors determining whether a stay is appropriate under the circumstances, the Court concludes that the plaintiff has failed to carry its burden, and therefore denies plaintiff's motion to stay the vacatur pending appeal. The Clerk of the Court is directed to close document number 16 in the docket of this case.

SO ORDERED.